IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

VICTORIA LEWIS,

       Petitioner,

vs.

UNITED STATES OF AMERICA,

       Respondent.

Case No. 14-cv-667-JPG

**MEMORANDUM AND ORDER**

      This matter comes before the Court on petitioner Victoria Lewis' motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. 2). For the following reasons, Lewis' motion survives this threshold review and the Court orders the government to file its response.

      In her criminal proceedings before this Court, Lewis' indictment charged her with possession of a listed chemical knowing it would be used to manufacture a controlled substance in violation of 21 U.S.C. § 841(c)(2). *See United States v. Lewis*, Case No. 11-40045 (Doc. 1). Ultimately, Lewis and the government entered into a written plea agreement which provided in pertinent part as follows:

> Defendant and the Government agree that based upon substantial assistance rendered through the complete and total cooperation of Defendant, the Government may, in the sole discretion of the United States Attorney, file either a motion under § 5K1.1 of the Sentencing Guidelines or a motion under Rule 35 of the Federal Rules of Criminal Procedure advising the Court of a recommended reduction in sentence. The Motion, if any, will <u>only</u> be filed if the assistance rendered by the Defendant is found to be complete and <u>thoroughly truthful</u>, regardless of the outcome of any trial or hearing at which the Defendant may testify. <u>The Defendant understands that any reduction of sentence, and the extent of that reduction, lies in the discretion of the Court.</u>

(Doc. 24 in criminal case). Pursuant to this plea agreement, Lewis pleaded guilty to the charge in the indictment (Doc. 23 in criminal case). The undersigned Judge sentenced Lewis to 120

months imprisonment, three years supervised release, a $100 special assessment, and a $200 fine (Doc. 30 in criminal case). Judgment was entered on January 13, 2012 (Doc. 30 in criminal case). Lewis did not appeal her sentence or conviction. Lewis now files a motion pursuant to § 2255 arguing the government breached the plea agreement and discriminated against her because of her disability when it refused to file a Rule 35 motion after her substantial assistance.

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

The Government, within its discretion may file a motion pursuant to Federal Rule of Criminal Procedure 35(b) requesting the sentencing court to reduce a defendant's sentence upon the defendant's "substantial assistance in investigating or prosecuting another person." "The government doesn't *have* to reward criminals who cooperate with it with a lighter sentence." *United States v. Richardson*, 558 F.3d 680, 682 (7th Cir. 2009). However, "[f]ederal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." *Wade v. United States*, 504 U.S. 181, 185-86 (1992); *see also Richardson*, 558 F.3d at 681-82. *Wade* set forth two limitations on a prosecutor's discretion to file a Rule 35 motion: (1) "the prosecutor's decision must have some

rational relationship to a legitimate government interest"; and (2) "the decision may not be based on an unconstitutional motive, such as race or religion." *United States v. Wilson*, 390 F.3d 1003 (7th Cir. 2004) (citing *Wade*, 504 U.S. at 185-86).

Here, Lewis alleges the government's failure to file a Rule 35 motion as contemplated by the plea agreement was based on an unconstitutional motive to the extent it based its decision on her disability.  Specifically, the government's reason for failing to file a Rule 35 motion was because Lewis provided inconsistent statements in the course of cooperation.  Lewis, however, contends that any inconsistent statements were a result of her disability.  Accordingly, Lewis alleges defects of constitutional magnitude appropriate in a § 2255 petition.  Without commenting on the merits of Lewis' arguments, the Court concludes that the petition survives preliminary review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

The Court **ORDERS** the Government to file a response to Lewis' petition by **August 22, 2014.**  The Government shall, as part of its response, attach all relevant portions of the record.  Lewis may file a reply brief (no longer than 5 pages) by **September 5, 2014**.  If review of the briefs indicates that an evidentiary hearing is warranted, the court will set the hearing by separate notice.

**IT IS SO ORDERED.**

**DATED:**  July 24, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**